**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARCE GONZALES, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAURENCE F. MYERS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1306-CR-232 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Judge
Cause No. 45G04-1212-FD-298

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Laurence F. Myers, Jr. appeals the thirty-month sentence imposed for operating a vehicle as an habitual traffic violator, a Class D felony, following a guilty plea. Myers raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In November 2005, Myers was found to be an habitual traffic violator, and his driving privileges were suspended for ten years. In May 2012, Myers was incarcerated in Tippecanoe County on charges of burglary, as a Class B felony; theft, as a Class D felony; possession of methamphetamine, as a Class D felony; and possession of paraphernalia, as a Class A misdemeanor. Myers posted bond, and, on November 4, as a condition of his release he moved into a halfway house, Home with Hope, in Lafayette.

Myers "left" the halfway house on December 7.[1] Transcript at 23. Over the following five days, Myers consumed alcohol, cocaine, heroin, methamphetamine, and Xanax without a prescription. On December 12, he was found by a State Trooper along I-65 in Lake County next to an overturned vehicle, which had been reported stolen in Tippecanoe County.

The State charged Myers with receiving stolen property and being an habitual traffic violator, both as Class D felonies. The State later amended the information to allege the following: receiving stolen property, as a Class D felony ("Count I"); unsafe lane movement, a Class C infraction ("Count II"); operating a vehicle as an habitual

---

[1] The parties do not explain whether Myers' departure from the halfway house signified the end of his term there or, rather, violated the terms of his placement there.

traffic violator, a Class D felony ("Count III"); operating a vehicle while intoxicated endangering a person, as a Class A misdemeanor ("Count IV"); operating a vehicle while intoxicated, as a Class C misdemeanor ("Count V"); and operating a vehicle with a Schedule I or II controlled substance or its metabolite in the body, as a Class C misdemeanor ("Count VI"). On April 24, 2013, the parties filed a plea agreement, under which Myers pleaded guilty to Count III, with sentencing to be argued, and the State agreed to dismiss Counts II and IV through VI.[2]

On May 22, the trial court held a sentencing hearing. The State argued for a sentence of thirty months in the Department of Correction's "Therapeutic Community." Transcript at 25. Myers requested a sentence of time served. The trial court made findings and imposed sentence as follows:

> COURT: You're like a one[-]man crime spree. Florida, Benton County, Colorado, Tippecanoe County, White County, Tippecanoe County. So you're in Carroll County. So you're in a halfway house. You left there. They allege you stole a car and you came up this way?
>
> [MYERS]: Yep.
>
> COURT: And you flipped that car?
>
> [MYERS]: Yep.
>
> COURT: All right. The defendant having pled guilty to Count III: operating a vehicle as an habitual traffic violator, a D felony, I will enter judgment of conviction on that count. . . .
>
> * * *
>
> COURT: . . . In mitigation, I find the defendant pled guilty and accepted responsibility saving the State of Indiana the necessity of a trial.

---

[2] In the sentencing order, the trial court states that Count I had previously been dismissed, but parties do not state when that occurred, nor is such reflected in the chronological case summary.

In aggravation, the Court finds that the defendant's criminal record speaks for itself. Trespass, second degree; obstruction without violence, second degree; reckless driving conviction, 180 days, suspended, all but ten days and remainder served on probation, Petition to Revoke filed; public intoxication, 180 days, suspended, one year unsupervised probation; shoplifting out of Colorado, three days in jail; operating while intoxicated, one year in jail, sixty days executed on work release; resisting law enforcement; battery resulting in injury, four years DOC, three suspended and two years supervised release; operating while intoxicated, 365 days jail, suspended, one year on supervised release; alcohol programs have been ordered repetitively; eighty hours of community service; improper storage or transportation of anhydrous ammonia, six on probation, petition to revoke file[d], ordered to serve the executed balance of the sentence; criminal mischief; and theft, pled to theft or got found guilty of theft, eighteen months jail, six month suspended, six months of probation; resisting law enforcement, one year, suspended, one year on probation, substance abuse program; battery resulting in bodily injury, one year jail, suspended, one year information probation, unsatisfactorily terminated from probation; possession of cocaine, possession of marijuana, eight months DOC, suspended, eighteen months unsupervised probation; ordered to se[rve] sixty-seven days in the County jail on a violation of home detention; operating while intoxicated, endangering a person, two years DOC; auto theft, 365 days in jail with all but sixty days suspended, 305 days unsupervised, substance abuse treatment; battery, intimidation, habitual offender, one year, two years, and three years in the Department of Correction, the one and two years concurrent, consecutive to Count IV for a total of five years it looks like in the Department of Correction; domestic battery, one year suspended to be served on probation; domestic battery, 365 jail, 134 suspended, Batters [sic] Intervention Program, petition to revoke filed. This offense occurred thereafter.

The Court finds in further aggravation that prior leniency has not deterred the defendant's criminal behavior, suspended sentences have not deterred the defendant's criminal behavior, prison sentences have not deterred the defendant's criminal behavior.

In further mitigation, I find the defendant has a significant substance abuse problem and can't seem to get a handle on that problem.

After considering the aggravating and mitigating factors, I find the aggravating factors substantially outweigh the mitigating factors. And, sir, I sentence you to thirty (30) months in the Indiana Department of Correction.

Transcript at 28-31. Myers now appeals his sentence.

## DISCUSSION AND DECISION

Myers argues that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

5

Myers' thirty-month sentence is not inappropriate in light of the nature of the offense. Myers drove after being adjudicated an habitual offender with a ten-year license suspension after consuming alcohol and controlled substances over a period of five days. The vehicle he was driving had been stolen from Tippecanoe County, and he eventually "flipped" it next to Interstate 65 in Lake County.[3] Transcript at 28. Myers' characterization of the offense as having "no aspect of violence or other factor making the offense particularly egregious or aggravated" is inaccurate. Indeed, he admitted that he had taken Xanax and consumed alcohol on the day that he was driving the stolen vehicle. Moreover, his thirty-month sentence was below the maximum possible for the Class D felony. Myers has not shown that his sentence is inappropriate in light of the nature of the offense.

Nor has Myers shown that his sentence is inappropriate in light of his character. The only reason Myers admits on appeal as a basis for his "aggravated" sentence is that he has an addiction and needs treatment. But he also concedes that he has a lengthy criminal history, as detailed by the trial court at sentencing.[4] And he has repeatedly been given lenient sentences and several opportunities for treatment to no avail. Myers has not shown that his thirty-month sentence, six months below the maximum, is an outlier.

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[3] Under a separate cause number, the State charged Myers in Tippecanoe County with auto theft, as a Class C felony; auto theft, as a Class D felony; and theft, as a Class D felony. The parties do not state the status of that case.

[4] Although the trial court's recitation of Myers' criminal history is not completely accurate, the court was not mistaken about the volume of convictions. Myers has convictions for eighteen misdemeanors and six felonies.